```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

       Plaintiff

v.                                          Civil Action No. 2:06-0089

**SUSAN L. CAVENDER, M.D.,**

       Defendant

### MEMORANDUM OPINION AND ORDER

Pending is the government's motion for sanctions to redress defendant's failure to comply with the discovery rules and a court order, filed September 18, 2006.

The government contends that by order dated March 16, 2006, the defendant was required to provide her Rule 26(a)(1) disclosures no later than May 15, 2006. On May 25, 2006, the government served requests for admission, interrogatories, and requests for production of documents. Defendant timely responded only to the requests for admission. The government later moved the magistrate judge for an exclusion order or, in the alternative, for an order compelling responses to the outstanding discovery.

On August 3, 2006, the government moved to compel answers to a second set of interrogatories and requests for production of documents it had since served upon defendant. Defendant made

timely responses to a second set of requests for admission but failed to respond to the second set of interrogatories. Defendant additionally objected to the second set of requests for production of documents.

On September 6, 2006, the Honorable Mary E. Stanley, United States Magistrate Judge, entered an Order and Recommendation addressing the pending motions to compel:

> For good cause shown, it is hereby ORDERED that both Motions to Compel (## 20, 21) are granted, and it is further ORDERED that Defendant shall serve full and complete discovery responses on counsel for Plaintiff no later than September 15, 2006, the close of discovery. Based on Defendant's apparent refusal to engage in discovery (other than answering requests for admissions), it is respectfully RECOMMENDED that the presiding District Judge, the Hon. John T. Copenhaver, Jr. grant Plaintiff's Motion to Exclude Evidence (# 20).

(Order and Recomm. at 1-2).

On September 15, 2006, defendant served its Rule 26(a)(1) disclosures and answers to the government's first set of interrogatories. That same day, defendant filed a two-paragraph objection to the magistrate judge's exclusion recommendation on the grounds that "the responses have been served." (Def.'s Objecs. at 1). On September 18, 2006, the government moved for sanctions. The motion provides as follows:

> 7.  Defendant has not responded to the United States' second set of interrogatories notwithstanding the order of the Magistrate Judge requiring full and complete discovery

>   responses by September 15, 2006.
>
> 8.  On September 14, 2006, Defendant served a partial response to the United States' first requests for production, but failed to produce records in response to requests 3 and 4.
>
> 9.  The Defendant also served a response to the United States' second request for production, but failed to produce records in response to request 1. . . . Defendant objects to the production of the requested records, notwithstanding the order entered by the Magistrate Judge requiring full and complete discovery responses.
>
> 10. Defendant has not identified any specific privilege that prohibits the requested production as required by Fed. R. Civ. P. 26(b)(5). Rather, Defendant has objected that "providing such information in the form requested would violate a known privilege by the Health Insurance Portability and Accountability Act (HIPAA) and privileges protected by West Virginia law."
>
> 11. Defendant has not moved for a protective order as required by Fed. R. Civ. P. 26(C).
>
> 12. Defendant has simply ignored the orders of this court, the Federal Rules of Civil Procedure, and applicable law. See e.g., 45 C.F.R. § 164.501. (HIPAA authorizes disclosure of otherwise protected health information to a health oversight agency engaged in health oversight activities.)
>
> 13. Defendant's pattern of dilatory conduct has required the United States to file two motions to compel disclosure and discovery, a motion for modification of the scheduling order, and the instant motion for sanctions. Defendant's conduct has delayed the resolution of this matter by settlement or trial and has required unnecessary expenditure of the resources of the United States and of this Court.

(Govt.'s Mot. for Sancs. ¶¶ 7-13). The government's sanctions motion seeks (1) redress under Federal Rule of Civil Procedure 37(b)(2), (2) adoption of the magistrate judge's recommendation,

3

(3) an establishment order prohibiting defendant from (a) opposing the government's claims, and/or (b) introducing evidence in her defense, and (4) a contempt citation.

On September 22, 2006, defendant responded to the motion for sanctions, contending, <u>inter</u> <u>alia</u>, (1) she has responded fully to all outstanding discovery, (2) the magistrate judge did not resolve the issue of privilege under HIPAA and West Virginia law, and (3) "trial is still four . . . months away[.]"  (Def.'s Resp. at 2).

On September 26, 2006, the government replied.  The reply brief states in great detail the government's belief that "[d]efendant's arguments are untimely, factually inaccurate, and without legal citation or support."  (Pl.'s Reply at 1).

Upon review of the parties' filings to date, along with the magistrate judge's Order and Recommendation, it is evident that defendant has failed and/or refused to respond to discovery in accordance with the Federal Rules of Civil Procedure.  Pursuant to Rule 37(a)(4), plaintiff is, at a minimum, entitled to "the reasonable expenses incurred in making the motion, including attorney's fees . . . ."  Fed. R. Civ. P. 37(a)(4).  If the parties are unable to resolve the fee and cost award amicably, the government may, no later than October 20, 2006, present an

**appropriate fee petition to the magistrate judge.  If presented with such a petition, the magistrate judge is authorized to enter a fee and cost award payable by the defendant's lawyer after providing him an opportunity to be heard as to the amount requested.**

**With the exception of this sanction, however, and in the interests of resolving this civil action on its merits, the court declines to award the balance of the requested sanctions.  The court instead ORDERS that the government be, and it hereby is, directed to serve anew, no later than October 20, 2006, the remaining written discovery it seeks.  It is further ORDERED that the defendant be, and she hereby is, directed to respond to the written discovery in accordance with the time periods allotted by the Federal Rules of Civil Procedure.  Any disputes concerning the sufficiency of the responses shall be resolved by the magistrate judge.**

**Should defendant fail or refuse to fully respond as directed, the government is given leave to seek the additional sanctions the court has presently refused to impose, including the requested contempt citation.  By separate order entered this same day, the court has modified the scheduling order to allow for the taking of additional discovery.**

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and to the defendant personally.

DATED: October 3, 2006

John T. Copenhaver, Jr.
United States District Judge